IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>    Plaintiff,<br><br>   v.<br><br>MTI COMPANY (MOVIE TIME, INC.) d/b/a MOVIE TIME VIDEO,<br>    Defendant. | Civil Action No. 1:08-cv-00269<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to John Jameson who was adversely affected by such practices. Specifically, the Equal Employment Opportunity Commission ("EEOC") alleges that MTI Company (Movie Time, Inc.) d/b/a Movie Time Video ("Defendant") failed to hire John Jameson as a cashier because of his sex, male, in violation of Title VII. The EEOC alleges further that Defendant failed to preserve employment applications and personnel records as required by law.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant MTI Company (Movie Time, Inc.) d/b/a Movie Time Video, has been a Tennessee corporation and has been conducting business in the State of North Carolina and the City of Waynesville, North Carolina, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, John Jameson filed a charge with the EEOC alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. In or around November 2006, Defendant engaged in unlawful employment practices at its Waynesville, North Carolina store, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, Defendant refused to hire John Jameson into a vacant cashier position because of his sex, male. Jameson was qualified for the cashier position at the time he sought employment with Defendant. Despite his qualifications, Defendant failed to hire Jameson into the cashier position and instead hired a female for the position.

8. The effect of the practices complained of in paragraph 7 above has been to deprive John Jameson of equal employment opportunities and otherwise adversely affect his status as an employee because of his sex, male.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of John Jameson.

11. Since at least November 2006, Defendant has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to preserve records relevant to the determination of whether unlawful employment practices have been, or are being, committed. Specifically, Defendant has failed to preserve employment applications.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for males, and that eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole John Jameson by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary

to eradicate the effects of its unlawful employment practices, including but not limited to rightful hiring of John Jameson or front pay.

D. Order Defendant to make whole John Jameson by providing compensation for pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including job search expenses in amounts to be determined at trial.

E. Order Defendant to make whole John Jameson by providing compensation for nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above including, but not limited to, emotional distress, inconvenience, loss of enjoyment of life, violation of civil rights, and humiliation caused by Defendant's discrimination, in amounts to be determined at trial.

F. Order Defendant to pay John Jameson punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G. Order Defendant to preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

 /s/   Lynette A. Barnes
LYNETTE A. BARNES (N.C. Bar No. 19732)
Regional Attorney

/s/ Tina Burnside
TINA BURNSIDE (WI Bar No. 1026965)
Supervisory Trial Attorney

 /s/   Darrell E. Graham
DARRELL E. GRAHAM (MN Bar No. 290890)
Trial Attorney
email: darrell.graham@eeoc.gov
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Phone: (704) 344-6885
Fax:    (704) 344-6780