1.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | Civil Action No.: 1:08-cv-00269 |
| v. ) ) | CONSENT DECREE |
| MTI COMPANY d/b/a Movie Time Video, ) ) | |
| Defendant. ) ) | |

The Equal Employment Opportunity Commission ("EEOC") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The EEOC's complaint alleged that Defendant, MTI Company (Movie Time, Inc.) d/b/a Movie Time Video ("Defendant"), discriminated against John Jameson ("Charging Party") by failing to hire him because of his sex, male. Defendant denies these allegations.

The EEOC and Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent

Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 14 below.

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** as follows:

1. Defendant shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay the sum of Twenty-Five Thousand and One Hundred Dollars ($25,100) in damages for settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Charging Party John Jameson. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to John Jameson at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery. Defendant shall issue John Jameson a Form 1099 for the amount received, which will be deemed compensatory damages. Neither the EEOC nor Defendant makes any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that John Jameson may or may not incur on such payment under local, state, and/or federal law. John Jameson shall be responsible for any and all tax liability, assessments, interests, penalties and/or costs with respect to the payment herein.

4. Within ninety (90) days of the entry of this decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy, which shall include, but not be limited to, the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against sex discrimination; procedures for reporting sex discrimination; and a procedure for the thorough and immediate investigation of current and/or prospective employee complaints of sex discrimination. Defendant shall distribute to each current employee a copy of the policy within the 90 day time period. Within one hundred (100) days of the entry of this Consent Decree, Defendant shall report compliance to the EEOC. During the term of this Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

5. During the term of this decree, Defendant shall post a copy of the policy described in paragraph 4, *supra*, at all of its North Carolina store locations in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within 15 days after the Consent Decree is entered, Defendant will post the policy and notify the EEOC that it has been posted.

6. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors, and employees. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against sex discrimination and retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 4 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of the decree by the Court. Each subsequent training program shall be conducted at

approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall provide the EEOC with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the EEOC the specific training which was undertaken and shall provide the EEOC with a roster of all employees in attendance.

7. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing for the duration of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Decree, in a place where it is visible to employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the EEOC that the Notice has been posted pursuant to this provision.

8. During the term of this Consent Decree, Defendant shall provide the EEOC with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following:

      A. The name, address, telephone number, position, and social security number of each person who complains either verbally or in writing of any conduct that he or she believes is based on his or her sex;

      B. The name, address, telephone number, position, and social security number of each person who complains either verbally or in writing of any conduct that he or she believes is based on his or her sex under your policy;

      C. The date of the complaint and to whom the complaint was made;

      D. Detailed information regarding the substance of the complaint; and

E. What action, if any, was taken in response to the complaint.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send EEOC a "negative" report indicating no activity.

9. The EEOC may review compliance with this Decree. As part of such review, the EEOC may inspect Defendant's facilities, interview employees, and examine and copy documents. Any interviews with Defendant's managerial-level employees will be conducted upon twenty-four (24) hours advance notice to Defendant.

10. If anytime during the term of this Decree the EEOC believes that Defendant is in violation of the Decree, the EEOC shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the EEOC exercises any remedy provided by law.

11. The term of this Decree shall be for five (5) years from its entry by the Court.

12. All reports or other documents sent to the EEOC by Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

13. Each party shall bear its own costs and attorney's fees.

14. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

Signed: August 29, 2008

Lacy H. Thornburg
United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

  s/ Lynette A. Barnes
Lynette A. Barnes
Regional Attorney


  s/ Darrell E. Graham
Darrell E. Graham
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
129 West Trade Street, Suite 400
Charlotte, N.C. 28202
Telephone: (704) 344-6885
Facsimile: (704) 344-6780

MTI COMPANY (MOVIE TIME, INC.) D/B/A MOVIE TIIME VIDEO


  s/ Marry Moffatt Helms
Mary Moffatt Helms, Esq.
Wimberly Lawson Seale Wright & Daves, PLLC
929 W. First North Street
Morristown, Tennessee 38816-1066
Telephone: (423) 587-6870
Facsimile: (423) 587-1479

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>MTI COMPANY d/b/a MOVIE TIME VIDEO, )<br>)<br>Defendant. )<br>_____ ) | CIVIL ACTION NO. 1:08-CV-00269<br><br># EMPLOYEE NOTICE |

1.   This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and MTI COMPANY (MOVIE TIME, INC.) d/b/a Movie Time Video ("Defendant") in a case of discrimination based on sex. Specifically, the EEOC alleged that Defendant discriminated against John Jameson by failing to hire him because of his sex, male, in violation of Title VII of the Civil Rights Act of 1964.

2.   Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's sex, race, color, religion, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3.   Defendant will comply with such federal laws in all respects. Furthermore, Defendant will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

> Equal Employment Opportunity Commission
> 1801 L Street, N.W.
> Washington, DC 20507
> TEL: 1-800-669-4000
> TTY: 1-800-669-6820

This Notice will remain posted for at least five (5) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2013.

**Exhibit A**